**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN JEFFREY CASTNER | : | |
| | : | |
| Appellant | : | No. 1901 EDA 2025 |

Appeal from the PCRA Order Entered June 18, 2025
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0006668-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN JEFFREY CASTNER | : | |
| | : | |
| Appellant | : | No. 3174 EDA 2025 |

Appeal from the PCRA Order Entered June 18, 2025
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0001155-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN JEFFREY CASTNER | : | |
| | : | |
| Appellant | : | No. 3175 EDA 2025 |

Appeal from the PCRA Order Entered June 18, 2025
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0004119-2020

J-S17021-26

BEFORE:   PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY STABILE, J.:                    **FILED JULY 31, 2026**

Appellant, Steven Jeffrey Castner, seeks review of three orders denying postconviction relief in the above-captioned cases, which have been consolidated for purposes of trial and appeal. In 2021, following a jury trial, Appellant was found guilty of several offenses arising from related episodes of domestic violence. He was sentenced to an aggregate prison term of 16.5 to 35 years, and the judgment of sentence was upheld. Appellant filed the instant petition in 2024, raising numerous claims, most of which were based on allegedly improper comments of the prosecutor in the opening statement, and defense counsel's ineffectiveness in failing to object to those comments. The Court of Common Pleas of Bucks County (PCRA court) dismissed the petition, and allowed Appellant's PCRA's counsel to withdraw on the ground that none of Appellant's postconviction claims have merit. On appeal, Appellant (appearing *pro se*) argues that the PCRA court erred in denying relief, and in granting PCRA counsel's withdrawal. We affirm.

The victim in each of Appellant's three consolidated cases was Lysandra Negron, who had been dating Appellant while separated from her husband, Carlos Torijano. In October 2019, Appellant sent Negron text messages, threatening both her and Torijano if he caught them together in the same place. Appellant warned Negron that he would "smash [her] brains all over the house with a hammer" and set her house on fire. N.T. Trial, 06/02/2021,

_____

* Retired Senior Judge assigned to the Superior Court.

- 2 -

at 29, 44. He also stated by way of text message that he would torture Negron and Torijano in front of their children. *See id*., at 47.

On October 19, 2019, the same day as that latter threat, Appellant appeared at Negron's home, where Torijano happened to be present. The evidence adduced at trial established that Appellant banged on the doors of the home and kicked an air conditioning unit through a window. Once Negron came outside, Appellant swung a hammer at her and threw a punch. *See* N.T. Trial, 6/2/2021, at 59-64. Appellant eventually departed, striking Negron's vehicle with the hammer as he did so. *See id*., at 66.

Appellant was arrested and, as a condition of his release, he was ordered not to have further contact with Negron. Despite that condition, Appellant made over three thousand phone calls to Negron, urging her not to make any incriminating statements about him to the police. He offered her $10,000 to help him avoid prosecution for his conduct. *See id*., at 54; *see also* N.T. Trial, 6/3/2021, at 13.

Appellant was charged in three cases for offenses related to these connected incidents. In the case docketed at CP-09-CR-0006668-2019, he was charged with stalking, terroristic threats, simple assault, and criminal mischief. In CP-09-CR-0001155-2020, he was charged with burglary, criminal trespass, stalking, terroristic threats, and harassment. And in CP-09-CR-0004119-2020, he was charged with witness intimidation and stalking.

At Appellant's jury trial, defense counsel objected to the entirety of the Commonwealth's opening statement, contending that it was argumentative

and should be stricken. Defense counsel argued that the Commonwealth had asserted facts about the nature of the offenses which were not going to be proven. The objection was overruled.

The jury found Appellant guilty of attempted burglary; criminal trespass; terroristic threats; simple assault; criminal mischief; harassment; witness intimidation; and stalking. Appellant timely appealed,[1] and one of the issues he raised was that the trial court erred in overruling defense counsel's objections to the Commonwealth's opening statement. This court affirmed the judgment of sentence. *See Commonwealth v. Castner*, Nos. 2300 EDA 2022, 2305 EDA 2022, 2306 EDA 2022 (Pa. Super. filed August 14, 2023) (unpublished memorandum) (upholding judgment of sentence on direct appeal); *See also Commonwealth v. Castner*, No. 463 MAL 2023 (Pa. filed March 11, 2024) (denying allocatur).

On June 5, 2024, Appellant filed, *pro se*, the PCRA petition now at issue. He claimed that the prosecutor deprived him of a fair trial in three ways – by being overly emotional during opening statement, thereby evoking the jury's

---

1 Appellant's judgment of sentence became final on November 24, 2021, which was 30 days after the sentence was imposed. A timely notice of appeal was not filed within that period. However, Appellant obtained PCRA relief in the form of a reinstatement of his direct appeal rights. The instant PCRA petition was then timely filed shortly after the *nunc pro tunc* direct appeal proceedings had concluded, as the new petition could be treated, constructively, as his first. *See Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa. Super. 2014) ("This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes.").

- 4 -

sympathy for the victim; by referring to the unproven use of a hammer against the victim; and by eliciting from Carlos Torijano false testimony which implicated Appellant. *See* PCRA petition, 6/5/2024, at part A. Appellant asserted that his trial counsel was ineffective in failing to address the prosecutor's misconduct. *See id*., at Part C. Further, Appellant contended that his trial counsel was ineffective in the following ways:

- Counsel failed to present the domestic violence report in which Negron denied that Appellant ever made physical contact with her
.
- Counsel failed to hire and provide a forensic expert who would refute the fact that it was impossible for Appellant to have caused the dent to Negron's car door because rust on the dent proved it predated the subject incidents.

- Counsel failed to emphasize that an investigating officer could not distinguish the damage on Negron's vehicle as being caused by either Appellant or a preceding accident.

- Counsel agreed to the admission of "fragments of calls and texts made between the alleged victim and the appellant, thus allowing the prosecution to misrepresent segments of conversations between appellant and alleged victim[.]"

- Counsel failed to show that Appellant never asked Negron to lie to the authorities on his behalf, and in fact, the evidence shows that her husband pressured her to implicate Appellant with the threat of taking away her children.

*See id*.

PCRA counsel was appointed on July 11, 2024, to represent Appellant in the PCRA proceedings. Thereafter, Appellant's PCRA counsel petitioned the PCRA court to withdraw as counsel. In this petition, PCRA counsel recounted her review of Appellant's claims, as well as the corresponding portions of the

record. PCRA Counsel determined that none of Appellant's claims had arguable merit. *See* Petition to Withdraw as Counsel, 3/9/2025, at paras. 1-5.

The petition also informed the PCRA court that a ***Turner***/***Finley*** no-merit letter had been mailed to Appellant, notifying him of the petition's filing and the reasons for counsel's action. The no-merit letter (a copy of which was attached to the petition) advised Appellant of his right to retain private counsel or to represent himself in prospective appellate proceedings. *See **id**.*, at Exhibit A. As to the prosecutor's alleged misconduct, PCRA counsel pointed out that there was no video recording of the opening statement, and trial counsel had objected to the entirety of that statement on the grounds that it was argumentative – this was an issue which was fully litigated on direct appeal. *See **id***.

PCRA counsel explained further that Appellant had not supplied the name of a forensic evidence expert who would have testified about the nature of the damages to Negron's vehicle. More generally, PCRA counsel explained that *all* issues concerning the sufficiency of the evidence had been fully litigated in Appellant's direct appeal. Finally, PCRA counsel found no fault in the strength of trial counsel's advocacy, and the arguments he made with respect to the credibility of Negron and Torijano. *See **id***.

On June 18, 2025, the PCRA court denied Appellant's PCRA petition, and granted counsel's petition to withdraw, as to all three consolidated cases. Appellant filed a 1925(b) statement of errors complained of on appeal, and

the PCRA court complied with Pa.R.A.P. 1925 by filing an opining giving the reasons why the orders on review should be upheld. The PCRA court found first that Appellant's claims of prosecutorial misconduct were not cognizable under the PCRA. **See** PCRA Court 1925(a) Opinion, 11/12/2025, at 5-6. Further, the PCRA court determined that Appellant's claims of ineffective trial and PCRA counsel, as raised in his 1925(b) statement, were not adequately pleaded for purposes of preserving them for appellate review. **See id**., at 6.

In his brief, Appellant now raises the following issues for our consideration:

> I.  Is it prosecutor misconduct for the prosecutor to cry and sob as she pleas with the jury to buy her story during opening statements?
>
> II. Is the jury tainted, influenced or partial after the theatrical performance of the prosecutor?
>
> III. Did the totality of prosecutor misconduct[], along with deficiencies on behalf of trial counsel to respond accordingly result in the denial of a fair trial as guaranteed by the United States Constitution?
>
> IV. Was trial counsel ineffective for failing to move for mistrial immediately, as rules of trial require, when the prosecutor made her prejudicial emotional plea for the jury to accept her narrative of events around the incident?
>
> V.  Was appellate counsel, ineffective for failing to further above said arguments pertaining to prosecutor misconduct, if only to preserve the issues for appeal?
>
> VI. Did [the PCRA] court err in granting . . . appellate [PCRA] counsel's motion to withdraw without properly examining issues being pushed by Appellant?

Appellant's Brief, at 18-19 (issues reordered; suggested answers omitted).

Appellant's first three claims chiefly concern the alleged misconduct of the lead prosecutor at his trial. He has argued that, during opening statement, the prosecutor visibly wept, and repeatedly referred to the unsubstantiated use of Appellant's use of a hammer to threaten the victims and cause property damage. In addition, Appellant asserts that the Commonwealth knowingly introduced the false testimony of Carlos Trojino concerning the circumstances of Appellant's visit to Negron's home on October 19, 2019. *See* Appellant's Brief, at 23-27.

Claims of prosecutorial misconduct are not cognizable under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA). ***See Commonwealth v. Elkington***, 336 A.3d 1014, 2 n. 4 (Pa. Super. 2025) ("To the extent Appellant is claiming prosecutorial misconduct, the claim is not cognizable under the PCRA."); ***see also Commonwealth v. Sepulveda***, 55 A.3d 1108, 1138 (Pa. 2012) ("We agree with the PCRA court that appellant's claim is not cognizable to the extent it sounds in a claim of prosecutorial misconduct."). Thus, the PCRA court did not err in dismissing Appellant's claims of prosecutorial misconduct.

Appellant's fourth claim is that his trial counsel was ineffective in failing to object to the prosecutor's allegedly improper opening statement. His related fifth claim, which we address together for ease of disposition, is that trial counsel was also ineffective in this regard because the lack of a timely objection resulted in the waiver of the issue on direct appeal.

A PCRA court's denial of relief must be upheld if the determination "is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)). A claim of ineffective assistance of counsel may be raised in a petition for postconviction relief; such a claim has three elements which must be pleaded and proven by a preponderance of the evidence:

> (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

**Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted).

Further, a PCRA petitioner must establish eligibility for relief as to an allegation of error by showing that it was not previously and fully litigated in the highest appellate court in which the petitioner could have obtained merits review as a matter of right. **See** 42 Pa.C.S.A. § 9543(a)(3).

Here, we find that the PCRA court did not err in dismissing Appellant's ineffectiveness claims, as he did not establish that they arguably have any underlying legal merit. The record does not show that the prosecutor's behavior in the opening statement was objectionable. Appellant's brief lacks any citations to the relevant parts of the record which support his claims; nor does he show how the jury could have possibly rendered its decision based on something other than the evidence. Finally, as noted by the PCRA court, defense counsel objected to the entirety of the prosecutor's opening

statement, and that issue was fully litigated on direct appeal, making the claim ineligible for PCRA relief (insofar as the issue was encompassed within the grounds for defense counsel's objection). **See id**.[2]

Appellant's sixth and final claim is that the PCRA court erred in granting counsel's petition to withdraw from representation. The issue is initially framed in the heading of Appellant's brief as a claim of "ineffective PCRA counsel," **see** Appellant's Brief, at 31-32. But in substance, he argues that PCRA counsel's withdrawal was improper because, had PCRA counsel more thoroughly reviewed the case, it "would have revealed the lack of independent investigation by trial counsel," and the existence of meritorious claims of ineffective trial counsel. **See** Appellant's Brief, at 31. Accordingly, we evaluate this issue as a question of whether PCRA counsel complied with the requirements for withdrawal.

If PCRA counsel seeks to withdraw from representation on the ground that the issues raised by the petitioner are without merit, counsel must submit a **Turner**/**Finley** no-merit letter[3] to either the PCRA court or the appellate court. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007). This no-merit letter must detail "the nature and extent of counsel's

---

[2] To the extent that Appellant attempted to raise additional ineffectiveness grounds in his brief, such claims are insufficiently developed and therefore waived. **See generally Commonwealth v. Clayton**, 816 A.2d 217, 221 (Pa. 2002).

[3] **See Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

diligent review of the case," list the issues petitioner wants to have reviewed, explain why none of the issues are meritorious, and request withdrawal from the case. *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (quoting *Wrecks*, 931 A.2d at 721).

In addition, counsel must send the PCRA petitioner copies of the request to withdraw and the no-merit letter, and advise the petitioner of his right to retain private counsel or proceed *pro se*. *See Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016). *See Commonwealth v. Pitts*, 81 A.2d 875, 876 n.1 (Pa. 2009).

Here, PCRA counsel petitioned to withdraw from Appellant's cases and submitted a *Turner*/*Finley* no-merit letter to the PCRA court. The no-merit letter confirms that PCRA counsel reviewed Appellant's claims and provided an extensive explanation as to why they lacked merit. PCRA counsel supplied Appellant both with the no-merit letter and a copy of the petition to withdraw. In the *Turner*/*Finley* no-merit letter, PCRA counsel advised Appellant of his right to proceed on appeal *pro se* or with new counsel.

Upon review, we conclude that PCRA counsel has substantially complied with *Turner*/*Finley*. Thus, no relief was due as to any of Appellant's claims, the PCRA court did not err in dismissing his petition, and the order granting counsel's withdrawal must stand.

Orders affirmed; order granting counsel's withdrawal affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/31/2026